

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Mr. James:  Opinion No. O-5731

Re: Disposition of a deposit
item in the voluntary liquida-
tion of Fulbright State Bank
under Article 540, Revised
Civil Statutes.

Your request for an opinion upon the above-
captioned subject matter is as follows:

"On December 2, 1942 the State Treasurer
received from Lonnie Turner, President, and
Grady Hight, Cashier, of the Fulbright State
Bank, Fulbright, Texas, the following list of
unpaid depositors together with a draft in
the amount of $154.62 covering balances due:

| | |
|---|---|
| Russ Mongrum | $ 0.42 |
| O. C. Morgan | 0.57 |
| Billy Tucker | 0.14 |
| Druary Guest | 150.99 |
| Texas Board of Barber | |
| Exam. | 2.50 |
| Total | 154.62 |

"Application was made by the bank to the
State Banking Commission for approval of the
dissolution certificate which has not yet
been passed by the Commission. The Fulbright
State Bank therefore retains its status as a
corporation.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"After the balance of $154.62 was forwarded to the State Treasurer and deposited in the Dissolution of Solvent Corporations Fund No. 31, Drury Guest drew a check in the amount of approximately $160.00 (which he claimed as balance due him), on the Fulbright State Bank, Fulbright, Texas, which was paid on presentation at the bank.

"Mr. Grady Hight now seeks to recover on behalf of the bank the balance shown on our records as belonging to Drury Guest in the amount of $150.99.

"We respectfully ask your opinion on the following questions:

"1. Should the entire amount deposited by the Fulbright State Bank be returned to them since it retains its status as a corporation?

"2. Or should the balance remain in with the $14,859.57 comprising the Dissolution of Solvent Corporations Fund No. 31, of which it is a part, if same is transmitted to the State Banking Commission?

"3. Or should the Fulbright State Bank be reimbursed by the State Treasurer from Fund No. 31 upon establishing Claim to the account of Druary Guest?"

For convenience sake we will answer your questions in the order stated by you.

1. No. Article 540 of the Revised Civil Statutes contains the following:

"Within six months after the filing of such certificate, the corporation shall pay all funds due depositors and creditors whom they can discover and who claimed the moneys

Honorable Jesse James - page 3

due them; and upon the expiration of said six months, it shall be the duty of the corporation to make from the books of said corporation, certified by the President and Secretary, of the names of all depositors and creditors who have not claimed or have not received the balances to their credit or due them respectively, and to file the same with the State Treasurer and to pay to the said State Treasurer all such unclaimed deposits, moneys and credits for the use and benefit of such depositors and creditors. The Board of Directors shall then divide the capital stock, guaranty and indemnity fund and all other assets or the proceeds thereof among the stockholders ratably; and the Board of Directors shall thereupon file in the office of the Banking Commissioner a certificate surrendering the corporate franchise."

As we are advising you in Opinion No. O-5729 this day, upon the making of such deposit with the State Treasurer, there is created a statutory trust in favor of "such depositors and creditors" therein named. This trust is complete when such payment has been made to the State Treasurer, and it can only be discharged by a payment thereof to such depositor or creditor or his duly authorized assigns, successor or legal representative.

The payment to Mr. Guest by the Fulbright State Bank, after the item had been deposited with the State Treasurer, as shown by you, of course, was not the payment out of the Treasury trust deposit.

Neither is Mr. Hight, Cashier of the Fulbright State Bank, in a position to demand reimbursement for this payment from the fund in your hands. So that, you are not authorized to pay Mr. Hight's demand therefor.

2. This question is answered in our Opinion No. O-5729 this day rendered to you.

3. This question is answered in our answer to Question No. 1 above.

Very truly yours

ATTORNEY GENERAL OF TEXAS

by

Ocie Speer
Assistant

OS-MR

